NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 16 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| U.S. BANK, N.A., | No. 19-16750 |
| Plaintiff-counter-defendant-Appellee, | D.C. No. 2:16-cv-00866-GMN-BNW |
| v. | |
| LONE MOUNTAIN QUARTETTE COMMUNITY ASSOCIATION, | MEMORANDUM* |
| Defendant, | |
| and | |
| BDJ INVESTMENTS, LLC, | |
| Defendant-counter-claimant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Submitted March 12, 2021**
San Francisco, California
Before: WALLACE, GOULD, and FRIEDLAND, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

BDJ Investments, LLC, (BDJ) appeals from the district court's summary judgment for U.S. Bank, N.A. (U.S. Bank). We have jurisdiction under 28 U.S.C. § 1291. "We review a district court's summary judgment de novo. We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the substantive law." *Zabriskie v. Fed. Nat'l Mortg. Ass'n*, 940 F.3d 1022, 1026 (9th Cir. 2019) (citation and quotation marks omitted). We vacate the district court's summary judgment and remand with instructions to consider the Nevada Supreme Court's decisions in *Bank of America, N.A. v. Thomas Jessup, LLC Series VII (Jessup II)*, 462 P.3d 255 (Nev. 2020) (en banc) (unpublished) and *7510 Perla Del Mar Avenue Trust v. Bank of America, N.A (Perla Del Mar)*, 458 P.3d 348 (Nev. 2020) (en banc).

An individual (the homeowner) obtained a loan to purchase a Nevada property. The promissory note on the loan was secured by a first deed of trust, which was eventually assigned to U.S. Bank. The loan servicer was Bank of America, N.A. (BANA). The property was located within a homeowners association, the Lone Mountain Quartette Community Association (the HOA). The homeowner was obligated to make assessment payments to the HOA. When the homeowner fell behind on his payments, the HOA through its agent Absolute Collection Services, LLC (ACS) recorded a lien on the property.

2

BANA, through its counsel Miles, Bauer, Bergstrom & Winters, LLP (Miles Bauer) sent a letter to the HOA asking for an account statement for the past nine months and offering to pay the amount. ACS replied via fax, representing ACS's "view that without the action of foreclosure, a 9 month Statement of Account is not valid." ACS's fax also stated "[w]e recognize your client's position as . . . the senior lien holder." BANA took no further action. The HOA foreclosed on the property by public auction, and BDJ purchased the property. U.S. Bank commenced this action against the HOA and BDJ, asserting claims for, among other things, quiet title.

Nevada law "provides a homeowners' association . . . with a superpriority lien that, when properly foreclosed upon, extinguishes a first deed of trust. . . . [A] deed of trust beneficiary can preserve its deed of trust by tendering the superpriority portion of the HOA's lien before the foreclosure sale is held." *Perla Del Mar*, 458 P.3d at 348.

In July 2019, the district court entered summary judgment for U.S. Bank, holding that the case was "materially indistinguishable" from *Bank of America, N.A. v. Thomas Jessup, LLC Series VII (Jessup I)*, 435 P.3d 1217 (Nev. 2019) (per curiam), *aff'd in part, rev'd in part en banc*, 462 P.3d 255 (Nev. 2020). In *Jessup I*, a three-judge panel of the Nevada Supreme Court held that an identical letter from ACS to BANA "refut[ing] Miles Bauer's position of paying for 9 months of

3

assessments" before foreclosure by BANA indicated that ACS would reject any attempt by BANA to tender the superpriority portion of the homeowner association's lien and thereby excused BANA's obligation to tender. 435 P.3d at 1220. Here, the district court held that, in light of *Jessup I*, "BANA's letter offering to pay, coupled with ACS's rejection, served to satisfy the default as to the HOA superpriority lien such that the sale did not extinguish the first deed of trust."

In February 2020, while this appeal was pending, the Nevada Supreme Court in *Perla Del Mar* again addressed when a tender obligation may be excused. That case involved facts that are now familiar: a Miles Bauer attorney had written on behalf of BANA to an HOA's collection agent requesting an account of the superpriority portion of the lien, so that BANA could pay the superpriority portion and preserve its deed of trust. *Perla Del Mar*, 458 P.3d at 349. The collection agent received the letter but did not respond. *Id.* The Nevada Supreme Court held that BANA's tender obligation was excused because "formal tender is excused when evidence shows that the party entitled to payment had a known policy of rejecting such payments." *Id.*

In May 2020, in an unpublished order, the Nevada Supreme Court sitting en banc reversed *Jessup I* in part and held that in spite of the foreclosure agent's letter, BANA "did not establish that ACS had a known policy of rejecting superpriority tenders such that formal tender should have been excused." *Jessup*

4

*II*, 462 P.3d at 255. The court refused to set aside the foreclosure sale on equitable grounds because the district court had not clearly erred in finding that BANA's counsel from Miles Bauer "understood that failure to pay the superpriority portion of the lien would result in the loss of his client's interest in the property." *Id.* Under *Jessup II*, ACS's representations—including that a "9 month statement of account is not valid" and "[w]e recognize your client's position as . . . the senior lien holder"—are not sufficient to excuse an obligation to tender the superpriority portion of a HOA lien as to void the sale.

The district court did not have the benefit of *Perla Del Mar* or *Jessup II*. We vacate the district court's summary judgment and remand with instructions for the district court to reconsider the case in light of those cases.

**VACATED AND REMANDED**